UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHNNY CLOSE, individually and on behalf of all similarly situated individuals,<br><br>    Plaintiff,<br><br>    v.<br><br>FIELD & TECHNICAL SERVICES, LLC,<br><br>    Defendant. | Court File No.:<br><br>**COMPLAINT & JURY DEMAND**<br><br>**CLASS ACTION** |

**COMPLAINT**
**WITH COLLECTIVE ACTION AND RULE 23 CLASS ALLEGATIONS**

**INTRODUCTION**

1. This is an action to recover unpaid wages owed to Johnny Close ("Plaintiff") and those similarly situated to him.

2. Claims are asserted under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

3. Field & Technical Services, LLC ("Defendant"), a business providing nationwide environmental technical services, employed Plaintiff as a nonexempt Operation Maintenance and Monitoring ("OM&M") Technician to provide light construction work, including installation of equipment or driving/operating equipment for Defendant's customers.

4. The FLSA and its implementing regulations mandate that covered employers pay their employees overtime pay unless an exemption applies.

5. Defendant did not pay overtime pay to Plaintiff, or those similarly situated, even though these employees were not exempt from the FLSA's protections.

6. Accordingly, Plaintiff seeks damages, on behalf of himself and others.

1

## PARTIES

7. Plaintiff Johnny Close lives in Langeloth, Pennsylvania. Defendant employed him as an OM&M Technician from August 2016 through October 2016. Attached as Exhibit A is his Consent-to-Sue.

8. The collective action plaintiffs on whose behalf the Plaintiff brings this action are current or former employees of the Defendant.

13. Defendant Field & Technical Services, LLC is a Pennsylvania limited liability company that provides nationwide environmental technical services including sampling, systems operations and maintenance, data management and reporting, compliance, and waste management. Defendant is registered as a domestic limited liability company and it may be served though its agent located at 200 Third Avenue, Carnegie, Pennsylvania.

9. Defendant resides in Pennsylvania and serves clients in Pennsylvania and in this District.

10. Defendant employed the Plaintiff in Pennsylvania.

11. Defendant is headquartered in Carnegie, Pennsylvania.

## JURISDICTION AND VENUE

12. The Court has subject-matter jurisdiction over the FLSA claims in this action pursuant to 28 U.S.C. § 1331, because they raise a federal question under the FLSA, 29 U.S.C. §§ 201, *et seq*.

13. Title 29 U.S.C. § 216(b), provides the Court with subject-matter jurisdiction over the FLSA collective action allegations.

14. Personal jurisdiction over the Defendant is proper because it does substantial and continuous business here in this judicial district, and because it committed the wage violations alleged here in Pennsylvania.

2

15. Venue is proper in this District under 28 U.S.C. § 1391, because the actions and omissions giving rise to the claims substantially occurred in this District.

## THE FLSA COVERS OM&M TECHNICIANS

16. The Fair Labor Standards Act stands as a broad expression of Congressional policy that workers must be treated fairly in the workplace. That includes statutory minimum wage and mandatory overtime pay provisions, and it is backed up by a private right of action that can be asserted by employees. The overtime provision is what is at issue in this suit.

17. Covered employers—those subject to the FLSA's reach—must pay overtime to each employee unless they can show that that employee is exempt from FLSA coverage.

18. Exemption from coverage is determined on an employee-by-employee basis, and the burden is on the employer to justify any claimed exemption from overtime.

19. In July 2008, the United States Department of Labor ("DOL") issued Fact Sheet 170 that let employers know that technologists and technicians do not meet the learned professional exemptions under the FLSA.

20. Consistent with DOL Fact Sheet 170, Defendant classified its OM&M Technicians as a nonexempt position under the FLSA. *See* Plaintiff's Offer Letter, attached hereto as Exhibit B, at 1.

## THE PLAINTIFFS' WORK EXPERIENCE

21. The Defendant employed Plaintiff.

22. Plaintiff performed activities at the direction of, under the control of, and as part of his employment by the Defendant.

23. Plaintiff's duties included servicing Defendant's clients by installing, monitoring and working on equipment that its customers used.

24. During his employment, Plaintiff worked substantial amounts of overtime. His October 14, 2016, in relevant part, is as follows:

```
FIELD & TECHNICAL SERVICES LLC                                    Paycor
200 THIRD AVENUE
CARNEGIE PA 15106

JOHNNY CLOSE                                    Check stub for the period    09/25/2016
BOX 411                                                                to    10/08/2016
LANGELOTH PA 15054                                       with a pay date of  Oct 14, 2016

EMPLOYEE AND TAX INFO
                    Paycor EEID  8899-8274-6838-44   OTHER INFO       Direct Deposit #  1019156437

Employee #  109149       FITWH     BLOCKED
Department # 2001        PA        S 0
SSN: ***-**-****
```

| BI-WEEKLY | RATE | HOUR/UNIT | CURRENT $ | YTD HR/UNIT | YTD $ | DEDUCTION | CURRENT $ | YTD $ | TAX | CURRENT $ | YTD $ |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Salary | | 80.00 | 1,350.00 | 80.00 | 4,300.00 | CSDispPA | 11.51 | 11.51 | MED | 23.52 | 67.02 |
| Rd/Adshft | | | 75.00 | | 75.00 | | | | SOC | 100.56 | 286.56 |
| OT1.0 | 17.00 | 11.00 | 187.00 | 11.00 | 187.00 | | | | PA | 49.80 | 141.90 |
| | | | | | | | | | PAEUC | 1.14 | 3.24 |
| | | | | | | | | | PACAW | 16.22 | 46.22 |
| | | | | | | | | | PACAWI | 2.00 | 42.00 |

As shown from the highlighted section, Plaintiff worked 21 hours of overtime from October 9 thru October 22, 2016. Despite these overtime hours worked, Plaintiff was only paid his straight time rate of pay of $17 per hour for that time.

25. Although Defendant classified its OM&M Technicians as a nonexempt position, Defendants' offer letter also set forth a company-wide policy, applicable to all technicians, that overtime hours are paid at straight time rates. *See* Exhibit B at 1 (noting "[h]ours worked over 40 hours will be paid at a straight time rate of $17.00/hour according to the FTS employees hand book policy").

26. Thus, Plaintiff was shorted approximately $178.50 in overtime wages for that pay period.

27. Defendant intentionally set policies and practices designed to avoid paying proper overtime pay for Plaintiff and employees like him. In reckless disregard of the FLSA, Defendant adopted and then adhered to its policy and plan of treating Plaintiff as only being entitled to straight pay for overtime hours worked.

4

## FLSA COVERAGE ALLEGATIONS

28. The Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.*, is applicable to the Defendant and its protections apply to Plaintiff.

29. Defendant was an "employer" under the FLSA. 29 U.S.C. § 203(d).

30. Plaintiff was an "employee" of the Defendant within the meaning of the FLSA. 29 U.S.C. § 203(e)(1).

31. Defendant "suffered or permitted" Plaintiff to work and thus "employed" him within the meaning of the FLSA. 29 U.S.C. § 203(g).

32. Plaintiff is covered under "individual coverage" under the FLSA, 29 U.S.C. § 207(a)(1), because he is engaged in the interstate commerce of providing environmental services.

33. Defendant was engaged in interstate commerce or in the production of goods for commerce.

34. Based upon information and belief, Defendant does more than $500,000 in annual gross sales and has more than two employees not related to the family of the owner.

35. Accordingly, as an employee of the Defendant, Plaintiff is also covered under the FLSA's "enterprise coverage" provisions.

## COLLECTIVE ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself, and also as a collective action pursuant to 29 U.S.C. § 216(b). The class intended to be represented in the collective action—the "FLSA Collective Action Class"—consists of:

> All current and former Operation Maintenance and Monitoring Technicians, or equivalent job titles, employed by Field & Technical Services, LLC who were not paid the FLSA's overtime premium for any hours worked over 40 in a workweek.

37. Defendant's offer letter (Exhibit B at 2) shows that its straight pay for overtime work applies to all technicians and that they all work similar job duties as follows:

5

    a.    Performing daily water line, AST, and water impoundment inspections;

    b.    Sample collections and operation and maintenance activities;

    c.    Work as required by Defendant's project managers;

    d.    Operate and maintain groundwater recover systems; and

    e.    Operate and maintain Defendant's vehicles.

38. The Court should conditionally certify this as a collective action under the FLSA. Conditional certification is appropriate because the FLSA Collective Action Class employees are "similarly situated" to the Plaintiff. 29 U.S.C. § 216(b). They are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful pay practices described in this complaint; (c) their claims are based upon the same factual and legal theories; and (d) the employment relationship between the Defendant and every collective action class member is the same and differs only by location or rate of pay.

39. Each FLSA Collective Action Class member raises identical legal questions: the construction and applicability of the FLSA to overtime wages.

40. Each FLSA Collective Action Class member presents with identical factual questions: whether pay was straight time only or included overtime pay and whether there were weeks where the class member worked more than 40 hours.

## COUNT 1:
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## (FAILURE TO PAY OVERTIME)

41. The FLSA requires an employer to pay employees a premium overtime rate of one and a half times regular rate of pay for every hour worked in excess of 40 hours per workweek. 29 U.S.C. § 207(a)(1).

42. As shown above, Defendant paid its technicians straight pay for every overtime hour worked.

43. Accordingly, Defendant has violated the Fair Labor Standards Act and is liable for damages as set out in 29 U.S.C. § 216(b).

44. Defendant's FLSA violations were knowing and willful within the meaning of the statute, 29 U.S.C. § 255.

45. Defendant's FLSA violations are also continuing, i.e., their illegal pay policy hasn't changed and continues forward to this day.

46. Defendant's FLSA violations were committed against Plaintiff and the FLSA Collective Action Class.

47. The FLSA, 29 U.S.C. § 216(b), provides that, as a remedy for a violation of the Act, an employee is entitled to his or her unpaid overtime wages plus an additional equal amount in liquidated damages, attorney fees and costs.

Accordingly, Plaintiff demands, on behalf of himself and the FLSA Collective Action Class:

- Certification of these claims as a collective action under 29 U.S.C. § 216(b).
- Designation of Plaintiff as FLSA Collective Class Representative.
- Designation of Plaintiff's counsel as FLSA Collective Class Counsel.
- Back wages in the amount of one-half their regular rate of pay for the last three years, for each week in which they worked more than 40 hours.
- Liquidated damages in an equal amount.
- Attorney fees and the costs of prosecuting this action.
- Prejudgment and post judgment interest.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims asserted in this Complaint.

Respectfully submitted,

Dated: April 28, 2017

/s/ David S. Senoff

David S. Senoff (Bar No. 61278)
**ANAPOL WEISS**
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: (215) 790-4550
Fax: (215) 875-7733
dsenoff@anapolweiss.com

*Local Counsel for Plaintiff*

David H. Grounds (Minn. Bar No. 285742)*
Molly E. Nephew (Minn. Bar. No. 397607)*
**JOHNSON BECKER, PLLC**
444 Cedar Street, Suite 1800
St. Paul, Minnesota 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
dgrounds@johnsonbecker.com
mnephew@johnsonbecker.com

*Admission *Pro Hac Vice* pending

*Attorneys for the Plaintiff*